IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **JOSEPH DONNELL STARKS,** | : | |
| Petitioner, | : | |
| VS. | : | NO. 3:22-CV-00058-CAR-CHW |
| **WARDEN AIMEE SMITH,** | : | |
| Respondent.[1] | : | |

### ORDER

In accordance with the Court's previous orders and instructions, *pro se* Petitioner Joseph Donnell Starks has paid the required filing fee in this action. Petitioner has also filed an additional motion for leave to proceed *in forma pauperis* and a motion for records. Because Petitioner has paid his filing fee, his motion for leave to proceed without such payment (ECF No. 10) is **DENIED as moot.** Petitioner's motion for records appears to be one seeking copies of certain documents and other items pursuant to the Georgia Open Records Act and the Freedom of Information Act. This Court does not appear to be the custodian of any of these records. Moreover, as noted below, Petitioner may have the

---

[1] On his 28 U.S.C. § 2254 form, Petitioner named D. Parks White as the Respondent. However, Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts provides that "if the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Petitioner is incarcerated in the Dooly State Prison, and the warden of that facility is Aimee Smith. Therefore, the Court has corrected the style of this case to show Aimee Smith as the correct Respondent. The Clerk is **DIRECTED** to correct the Docket accordingly.

opportunity to engage in discovery as this action proceeds. If discovery is permitted, Petitioner will have the opportunity to seek documents and things relevant to his case at that time. As such, his motion (ECF No. 11) is **DENIED as premature.**

It is now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination

of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 6th day of September, 2022.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge
